**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

CURTIS E. LOCUS,

      Plaintiff,

v.                                                    Case No.  5:26-cv-69-MW-MJF

PANAMA CITY FLORIDA POLICE
DEPARTMENT, *et al.*,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

The District Court should dismiss this civil action without prejudice because Plaintiff failed to comply with a court order and failed to pay the initial partial filing fee.

### BACKGROUND

Plaintiff was a pre-trial detainee when he initiated this action pursuant to 42 U.S.C. § 1983. Doc. 1. On March 9, 2026, the clerk of the court docketed as a complaint a letter Plaintiff had submitted. *See* Docs. 1, 4. Plaintiff also filed a motion for leave to proceed *in forma pauperis*. Doc. 2.

Page 1 of 4

On March 10, 2026, the clerk of the court sent to Plaintiff its standard "notice to pro se litigants." Doc. 3.

On March 17, 2026, the undersigned denied Plaintiff's motion for leave to proceed *in forma pauperis* without prejudice and ordered Plaintiff to pay the filing fee or file a complete application for leave to proceed *in forma pauperis*. Doc. 4. The undersigned also ordered Plaintiff to file an amended complaint. *Id*. The undersigned imposed a compliance deadline of April 16, 2026, and warned Plaintiff that failure to comply with the order likely would result in this case being dismissed. *Id*.

On March 27, 2026, the Bay County Jail returned the "notice to pro se litigants" because Plaintiff no longer resided at the Bay County Jail.

Likewise, on April 10, 2026, the Bay County Jail returned the undersigned's order of March 17, 2026, because Plaintiff no longer resided at the Bay County Jail. Doc. 6.

Plaintiff has not complied with the order dated March 17, 2026, and has not provided to the clerk of the court his current address.

## DISCUSSION

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty.*

Page 2 of 4

*Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted);

N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any

claim within it, "[i]f a party fails to comply with an applicable rule or a

court order"). A district court also may dismiss a civil action when a

plaintiff fails to pay the filing fee. *See* 28 U.S.C. § 1915(a); *Wilson v.*

*Sargent*, 313 F.3d 1315, 1320–21 (11th Cir. 2002). Plaintiff has offered no

excuse for his failures and, consequently, has not shown good cause.

Accordingly, dismissal of this case is appropriate.

## CONCLUSION

Based on the foregoing, the undersigned respectfully

**RECOMMENDS** that the District Court:

1.    **DISMISS** this civil action without prejudice for Plaintiff's

failure to comply with court orders.

2.    **DIRECT** the clerk of court to close this case file.

At Panama City, Florida, this 14th day of April 2026.

/s/ *Michael J. Frank*

**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate**
**judge to make recommendations regarding dispositive**
**matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C). Objections to**

**these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**